# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DALE HERRING, | ) CV F 02 6536 OWW  WMW  HC |
| | ) |
| | ) FINDINGS AND RECOMMENDATION RE |
| Petitioner, | ) PETITION FOR WRIT OF HABEAS CORPUS |
| | ) |
| v. | ) |
| | ) |
| L. R. BLANKS, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

## PROCEDURAL HISTORY[1]

On June 7, 2001, in the Kern County Superior Court, Petitioner pled guilty to one count of assault with a deadly weapon.  Petitioner was sentenced to four years imprisonment.  He did not appeal the judgment.

---

[1] This information is derived from Petitioner's petition for writ of habeas corpus and Respondent's motion to dismiss the petition.

1    On November 21, 2001, Petitioner filed a petition for writ of habeas corpus in the Kern

2    County Superior Court.  On December 12, 2001, the petition was denied.

3    On January 28, 2002, Petitioner filed a petition for writ of habeas corpus in the Fifth

4    District Court of Appeal.  On February 15, 2002, the court denied the petition.

5    On April 8, 2002, Petitioner filed a petition for writ of habeas corpus in the California

6    Supreme Court.  On September 11, 2002, the court denied the petition.

7    On November 14, 2002, Petitioner filed the instant federal petition for writ of habeas

8    corpus in the United States District Court for the Central District of California.  On November

9    27, 2002, the action was transferred to this court.

10    On March 31, 2003, Respondent filed a motion to dismiss the petition based on

11    Petitioner's failure to exhaust his state court remedies.  Petitioner did not file an opposition.

12    On May 12, 2003, the Magistrate Judge issued Findings and Recommendations that the

13    motion to dismiss be granted, and allowed Petitioner the option of withdrawing the unexhausted

14    grounds and moving to hold the petition in abeyance pending exhaustion in state court.

15    On May 27, 2003, Petitioner filed his objections, and requested that the unexhausted

16    grounds be withdrawn and the petition be held in abeyance.  This court granted Petitioner's

17    request to withdraw the unexhausted claims, granted an abeyance, and vacated the May 12,

18    2003, Findings and Recommendation.

19    On July 3, 2003, the court entered an order lifting the abeyance and requiring Petitioner

20    to submit an amended petition.  This case now proceeds on the amended petition filed by

21    Petitioner on August 4, 2003.

22                                                  DISCUSSION

23    A.  JURISDICTION

24    Relief by way of a petition for writ of habeas corpus extends to a person in custody

25    pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

26    or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v.

27    Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his

28    rights as guaranteed by the United States Constitution.  In addition, the conviction challenged

1   arises out of the Kern County Superior Court, which is located within the jurisdiction of this

2   court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

3          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

4   of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

5   enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), cert. denied, 522 U.S.

6   1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting

7   Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct.

8   1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059

9   (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant

10  petition was filed on November 27, 2002,  after the enactment of the AEDPA, thus it is governed

11  by its provisions.

12  B.  STANDARD OF REVIEW

13         This court may entertain a petition for writ of habeas corpus "in behalf of a person in

14  custody pursuant to the judgment of a State court only on the ground that he is in custody in

15  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

16         The AEDPA altered the standard of review that a federal habeas court must apply with

17  respect to a state prisoner's claim that was adjudicated on the merits in state court.  Williams v.

18  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus

19  will not be granted unless the adjudication of the claim "resulted in a decision that was contrary

20  to, or involved an unreasonable application of, clearly established Federal law, as determined by

21  the Supreme Court of the United States;" or "resulted in a decision that was based on an

22  unreasonable determination of the facts in light of the evidence presented in the State Court

23  proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003)

24  (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir.

25  2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue

26  the writ simply because that court concludes in its independent judgment that the relevant state-

27  court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at

28

1  1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  Id.

2  (citations omitted).

3      While habeas corpus relief is an important instrument to assure that individuals are

4  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

5  (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

6  criminal conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

7  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's

8  factual determinations must be presumed correct, and the federal court must accept all factual

9  findings made by the state court unless the petitioner can rebut "the presumption of correctness

10  by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115

11  S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day,

12  110 F.3d 1380, 1388 (9th Cir. 1997).

13  C.      EXHAUSTION OF STATE REMEDIES

14      A petitioner who is in state custody and wishes to collaterally challenge his conviction by

15  a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

16  2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

17  court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v.

18  Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v.

19  Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

20      A petitioner can satisfy the exhaustion requirement by providing the highest state court

21  with a full and fair opportunity to consider each claim before presenting it to the federal court.

22  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971);

23  Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

24  state court was given a full and fair opportunity to hear a claim if the petitioner has presented the

25  highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis);

26  Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

27      Additionally, the petitioner must have specifically told the state court that he was raising

28  a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
> of state remedies requires that petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the "'opportunity to pass upon and correct
> alleged violations of the prisoners' federal rights" (some internal quotation marks
> omitted). If state courts are to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
> are asserting claims under the United States Constitution. If a habeas petitioner
> wishes to claim that an evidentiary ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment, he must say so, not only
> in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus
> exhausted) his federal claims in state court *unless he specifically indicated to
> that court that those claims were based on federal law*. See Shumway v. Payne,
> 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
> Duncan, this court has held that the *petitioner must make the federal basis of the
> claim explicit either by citing federal law or the decisions of federal courts, even
> if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889
> (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
> underlying claim would be decided under state law on the same considerations
> that would control resolution of the claim on federal grounds. Hiivala v. Wood,
> 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
> (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to
> the fact that the relevant claim is a federal one without regard to how similar the
> state and federal standards for reviewing the claim may be or how obvious the
> violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the present case, Respondent admits that Petitioner has exhausted his state judicial

remedies as to the grounds for relief sought in the present petition.

D.   INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends that he was denied his Constitutional right to effective assistance of

counsel, because his trial counsel was not able to investigate and interview witnesses because he

was suffering from terminal cancer.  Petitioner claims that by not preparing and taking his case

to trial, his counsel performed  below professional norms.  He further argues that the plea

bargain which counsel advised him to accept was self-serving and not in his best interest.

Ineffective assistance of counsel is based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial." Lockhart v. Fretwell, 506 U.S. 364, 368 (1993)(quoting Strickland v. Washington, 466 U.S. 668, 684 (1984)). A claim for ineffective assistance must meet the two-part test advanced by the Strickland court.   First, the petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.  Second, the petitioner must show that the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687,  This two-part standard also applies to challenges to guilty pleas based in ineffective assistance of counsel. In the context of a guilty plea, a petitioner must show that (1) his counsel failed to provide reasonable competent advice, and that (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Petitioner's first claim is that counsel was ineffective for failing to investigate and interview witness.  In United States v. Barry, 814 F.2d 1406, 1409 (9th Cir. 1987), the appellant claimed that he was denied effective assistance of counsel because he was not allowed to call certain witnesses.  The Ninth Circuit rejected this claim, explaining as follows:

> Berry's second contention, that he was not allowed to call out-of-state witnesses, is also meritless. He offers no indication of what these witnesses would have testified to, or how their testimony might have changed the outcome of the hearing. Thus, Berry has not demonstrated that he was prejudiced by counsel's actions, because he has not shown that "the [allegedly] deficient performance [created] a reasonable probability that the result of the proceeding would have been different." *Petersen,* 777 F.2d at 484.

Id.

Similarly, in the present case, Petitioner does not identify the witnesses who should have been interviewed, what their testimony would have been, or how that testimony would have changed the outcome of the case.  Further, Petitioner does not identify what facts that counsel have discovered through his investigation.  Finally, to the extent that Petitioner may be attempting to claim that counsel failed to advise him of a potential defense, Petitioner has failed

to make a sufficient showing of prejudice to support an ineffective assistance claim.  See Hill v.

Lockhart, 474 U.S. 52, 59 (1985) (on a claim of ineffective assistance of counsel based on failure

to advise the defendant of a potential defense, "resolution of the 'prejudice' inquiry will depend

largely on where the affirmative defense likely would have succeeded at trial.")  Petitioner

provides no discussion of how any potential affirmative defense would have been likely to

succeed at trial.

Petitioner's second claim in regard to ineffective assistance of counsel is that the plea

bargain which counsel advised him to accept was "self-serving and not in Petitioner's best

interest."  Petitioner, however, provides no explanation as to how the plea bargain was not in his

best interest.   Respondent has provided a copy of the transcript of Petitioner's plea hearing, in

which Petitioner states that he has discussed the consequences of the plea with his attorney and

that he is entering the plea voluntarily.  As Respondent argues, Petitioner obtained a substantial

benefit from the plea arrangement because the prosecution dismissed an additional charge and

the parties agreed that Petitioner would receive no more than a four-year sentence, when, based

on his prior strike, his maximum exposure was eight years.  Petitioner did in fact receive an

eight-year sentence.   In regard to accepting the plea bargain, Petitioner has demonstrated neither

that  his counsel failed to provide reasonable competent advice, or absent counsel's advice, he

would not have pleaded guilty and would have insisted on going to trial.  See Hill v. Lockhart,

474 U.S. at 58-59.

The court concludes, therefore, that Petitioner has failed to carry his burden of

demonstrating that the state court's decisions on Petitioner's claims of ineffective assistance of

counsel  "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States;" or

"resulted in a decision that was based on an unreasonable determination of the facts in light of

the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Accordingly, this

claim presents no basis for habeas corpus relief.

E.  DUE PROCESS

Petitioner contends that the trial court denied him his Constitutional right to due process

by not advising him of his right to appeal its ruling on his <u>Romero</u> motion to strike his prior

conviction.   Respondent disputes this contention, arguing that Petitioner fails to demonstrate

that he was prejudiced by the trial court's failure to advise him of his appeal right.  The court

must agree with Respondent that Petitioner has failed to establish a due process violation.

Trial errors are generally errors that occurred during the presentation of the case to the

jury, and unlike structural errors, which permeate the trial from beginning to end, are subject to

harmless error analysis.   <u>Campbell v. Rice</u>, 408 F.3d 1166, 1175, fn. 3 (9th Cir. 2005).

Assuming arguendo that the trial court's failure to advise Petitioner of his right to appeal

constituted an error, which Petitioner has not demonstrated, this court finds it to be a trial error,

subject to harmless error analysis, rather than a structural error.   As Respondent argues,

Petitioner presented his challenge to the trial court's ruling on the motion to strike in state habeas

corpus proceedings in Kern County Superior Court , which provided a ruling on the merits.

Thus, Petitioner was not prejudiced by his failure to present the claim on direct appeal.

Accordingly, the error, if any, was harmless and the court finds that Petitioner has failed to carry

his burden of demonstrating a due process violation.

The court concludes, therefore, that Petitioner has failed to carry his burden of

demonstrating that the state court's decisions on Petitioner's claims of a due process violation

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States;" or "resulted

in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Accordingly, this claim presents no basis for habeas corpus relief.

<u>RECOMMENDATION</u>

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED and that judgment be entered for Respondent.

These Findings and Recommendation are submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within TEN (10) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 1, 2005**          _____/s/  **William M. Wunderlich**_____
mmkd34                              UNITED STATES MAGISTRATE JUDGE